# MATILDA E. GREEN *vs.* DANIEL M. SPROGLE.

Declarations of the defendant or his attorney, not made to the plaintiff or in his presence, are not binding upon him, nor admissible in evidence against him.

APPEAL from the Circuit court for Howard county.

*Action,* brought on the 28th of October 1857, by the appellee against the appellant to recover for work and materials, done and furnished by the plaintiff to the defendant, in the repair of her house in Annapolis, during the years 1854 and 1855. The action was instituted in the Circuit court for Anne Arundel county, and was removed, on suggestion and affidavit of the defendant, to the Circuit court for Howard county, where it was tried in March 1860.

*1st Exception.* The plaintiff produced Daniel Caulk, a competent witness, and proved by him, that, in 1854, he was sent for by the defendant and engaged by her to make certain repairs upon her house in Annapolis; that plaintiff was present at one or more interviews between witness and defendant; that she said she wished certain repairs, which she pointed out, put upon her house, including an addition thereto, that she had a small sum of money (about $1500, witness thinks) which she intended to expend in these repairs, that she wished one person only to have charge of the work, pay the bills, &c., and that witness proceeded to undertake the work, he doing the carpenter's work, and furnishing materials for it, and the plaintiff doing the plastering and brick work and furnishing materials therefor; that after the work first pointed out by the defendant had been begun and in part completed, larger repairs were projected and other additions made to the house, besides those originally specified, and the witness then proceeded to testify, in detail, to the value and extent of the entire repairs and additions made upon the house of the defendant.

The plaintiff then produced Wm. Q. Caldwell, and proved by him, that he is a practical mechanic and measurer, living in Baltimore city; that he was employed by the plaintiff, about the year 1857, to measure certain carpenter's, bricklayer's, tinner's and painter's work in defendant's house in Annapolis; that he proceeded to make these measurements of work which was shown him as done by the plaintiff; that his habit in making measurements is to set down the measurements, at the time they are made, in a small book, which he calls his *"Dimension Book,"* which does not contain a summing up of the results of the measurement, but that he could make all the calculations at this time before the jury, if he were required and time would allow, showing the same results as those contained in the *"Abstract Book,"* that he then extracts from the *"Dimension Book"* the particular measurements and prices, and calculates the amount of work upon loose pieces of paper, and then transfers this work to a permanent book, which he calls his *"Abstract Book,"* and

which contains the aggregate amounts of the particular descriptions of work measured, and the footing up of the values of the work; that he pursued this plan in the present instance and has both the "*Dimension Book*" and the "*Abstract Book*" in court at this time. The plaintiff then asked the witness whether he measured any brick work in the house of the defendant, to which he replied that he did, and when asked what quantity of brick and mortar were measured by him, as furnished and laid by the plaintiff, and at what price, he replied that he could not say without referring to his book, and being told by the plaintiff's counsel, that he might refresh his recollection in any way he pleased, he produced the "*Abstract Book*," and said, "there is written in this book 31300 bricks at $12, but that he had no recollection whatever of the amount or price, without referring to said book, and that he knew the amount of the several items of work measured by him only from seeing it in his said book." The defendant then demanded to look at the said book for the purpose of examining the same, which was first objected to by the plaintiff, but the objection was afterwards waived, and the book handed to the counsel for the defendant. The witness was then examined by the plaintiff in the same manner as to the other charges mentioned in the bill of particulars, and the witness in the same manner stated from the said "*Abstract Book*" the amounts of the measurements of the said items as made by him, which correspond with the bill of particulars filed in this cause as to the several items and amounts.

The plaintiff here rested his case, and thereupon the defendant, as introductory to her cross-examination of said witness, desired him to read to the jury from said "*Abstract Book*" all the entries therein connected with the said measurements which were made, and the *headings* to said entries, to which the plaintiff objected, and the court, (Brewer, J.,) sustained the objection and refused to permit the witness to read said entries and headings, and to this ruling the defendant excepted.

*2nd Exception.* The defendant, thereupon, and as introductory to her cross-examination of said witness, Caldwell,

requested him to state to the jury who is made, in said "*Abstract Book*," the debtor for the work so measured by him, and who are stated in said book to be the parties by whom the work measured was done, but the plaintiff objected to said question, and the court sustained the objection, and refused to permit the same to be answered by the witness, and to this refusal the defendant excepted.

*3rd Exception.* The defendant then proposed to read said entries to the jury in advance of her cross-examination of said witness, to avail as part of said cross-examination, insisting that said entries were made evidence in chief by the examination of the plaintiff in reference thereto, and offering further, that if said entries cannot be used in evidence on cross-examination by her as proposed, then to read them as evidence in chief on her part, and she distinctly stated that her offer was to read from said book no more than the entries therein in reference to the measurements spoken of by the said witness, including, as part thereof, the entries of the names of the persons by whom and for whom the work so measured was done, to which no objection was made on the part of the plaintiff, and no refusal on the part of the court, to permit the same to be read, except as to the entries of the names of the persons by whom and for whom the said work so measured was done, which was objected to by the plaintiff, and refused by the court, and to this refusal the defendant excepted.

*4th Exception.* The defendant in the progress of her cross-examination of said witness, Caldwell, offered to prove by him that the plaintiff went to Baltimore and employed witness to go to Annapolis to measure work which had been done by plaintiff, and by the witness Caulk, for the defendant; that witness went to Annapolis and was taken by Caulk to defendant's residence, and there they saw the defendant, and stated to her the object of their visit, that defendant stated that Mr. Randall was her counsel, and she must send for him to advise her what was to be done; that Mr. Randall was sent for, and when he came, he advised for a while with the defendant, and then stated, that defendant insisted that

Green vs. Sprogle.

the work was done by contract, and that she had paid all she was bound to pay, and would have nothing to do with any measurement of the work done, but as the plaintiff and Caulk thought otherwise, she would not object to their going through the house, and making such measurements as they desired to make; that this conversation took place out of the presence of the plaintiff, and witness thereupon proceeded to measure the work done by Caulk, which occupied more than one day, and then began the measurement of the work pointed out as done by the plaintiff. To the admissibility of which evidence the plaintiff objected, denying expressly any intention of insisting that the defendant agreed to the measurement as a mode of settlement of this case, and the court sustained said objection, and refused to allow the proposed evidence to go to the jury, and to this refusal the defendant excepted.

The verdict and judgment were in favor of the plaintiff, and the defendant appealed.

The cause was argued before LE GRAND, C. J., BARTOL and GOLDSBOROUGH, J.

*A. B. Hagner* and *Thos. S. Alexander,* for the appellant, in so far as the questions presented by the first, second and third exceptions are similar to those in the preceding case, relied upon their argument and authorities in that case, to reverse the rulings here. They also cited upon the point, that the evidence of partnership should have been permitted to go to the jury, the following additional authorities, viz: 1 *Rob. Va. Rep.,* 267, *Chapman vs. Wilson & Co.;* 3 *Watts,* 101, *Johnston vs. Warden;* 11 *Humph.,* 271, *Furber vs. Carter, et al.;* 20 *Johns.,* 176, *Gowan vs. Jackson;* 11 *Sergt. & Rawle,* 372, *Allen, et al., vs. Rostain.*

The fourth exception shows the circumstances under which the measurements spoken of by the witnesses were made. As these measurements were made at the defendant's house and with her consent and privity, it was a fair inference, in absence of proof to the contrary, that she was a party to such measurements, and as there was no express proof that the

work measured was all done by the plaintiff, it was very apparent that he intended to rely on the defendant's acquiescence in the measurements, as evidence of that important fact. Hence it became important that the defendant should show that, in fact, she declined to have anything to do with the measurements in question. The evidence tendered was therefore admissible at the time it was offered, and it was not rendered inadmissible by the plaintiff's declaration, that he did not intend to insist *the defendant had agreed to the measurement as a mode of settlement of the case.*

*Frank H. Stockett* and *Cornelius McLane,* for the appellee:

The court below properly refused to permit the defendant to offer to the jury the entries or headings as a part of her *cross-examination,* because neither the book itself, nor the entries therein, had been made evidence by the plaintiff, nor were they before the jury; they having only been used by the witness as memoranda to refresh his recollection, to enable him to testify as to facts and his own acts. Nor could they be offered *in chief* by defendant, for, even if the *entries* were of such a kind as could have been offered by defendant, as her proof to be used against the plaintiff, yet the *headings,* showing to whom the *measurer* had, in his book, charged the work, or by whom the same was done, could in no wise avail against the plaintiff, they constituting *no part* of the measurement of the work done, or the value fixed on the same, and he being no *agent* for the plaintiff, to make out his accounts or designate to whom he was to charge the work as done. 1 *Greenlf's Ev.,* secs. 51, 52, 448, 449, 455, 466. 14 *Pet.,* 448, *Trenton Railroad Co. vs. Stimpson.* 5 *G. & J.,* 304, *Davis vs. Calvert.*

The court was certainly right in rejecting the testimony offered in the fourth exception, on the plainest elementary principles of evidence. Under what rule can the statements or admissions of a defendant, in her own favor, be admissible in evidence, when not made in the presence or hearing of the plaintiff? 1 *Greenlf's Ev.,* secs. 197, 199.

Green *vs.* Sprogle.

LE GRAND, C. J., delivered the opinion of this court:

This, like the case of *Green vs. Caulk, (ante.,* 556,) is an action instituted to recover the value of certain work done and materials furnished, by the plaintiff, in the repair of the house of the defendant. At the trial below the defendant reserved four exceptions. For the reasons assigned in the opinion filed in the case referred to, we reverse the Circuit court on the first three exceptions. The court is affirmed on the fourth exception. The testimony could not have the effect of binding the plaintiff, inasmuch as the declarations of Mr. Randall were not made to him, nor in his presence.

*Judgment reversed and procedendo awarded.*

(Decided February 20th, 1861.)